UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Sofia Coppola, and | ) | C/A No. 6:08-0098-MBS-WMC |
| Zoe Cassavetes; | ) | |
| | ) | |
| Michael F. Roizen, and | ) | C/A No. 6:08-0099-MBS-WMC |
| Mehmet C. Oz; | ) | |
| | ) | |
| Javier Bardem, and | ) | C/A No. 6:08-0100-MBS-WMC |
| Cormac McCarthy; | ) | |
| | ) | |
| Steven Jay Schneider, and | ) | C/A No. 6:08-0101-MBS-WMC |
| Frank Vlastnik; | ) | |
| | ) | |
| Andrea J. Buchanan, and | ) | C/A No. 6:08-0102-MBS-WMC |
| Miriam Peskowitz; | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is an inmate at FCI-Williamsburg. Plaintiff filed the five (5) civil actions listed above *in forma pauperis* under 28 U.S.C. § 1915, and pursuant to 42 U.S.C. § 1983.[1] Plaintiff seeks monetary damages for alleged civil rights violations against a variety of Defendants. The Court addresses the claims set forth in each of the complaints below.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the above listed *pro se* complaints pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaints herein have been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

2

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*).  Even under this less stringent standard, however, Plaintiff's *pro se* complaints are subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

1.  ***Riches v. Sofia Coppola and Zoe Cassavetes*, C/A No. 6:08-0098-MBS-WMC**.

    Plaintiff, who moves under 42 U.S.C. 1983, alleges that:

    > FCI Williamsburg gives me no pillow in solitary.  I'm being held for scientific experimental purposes from laboratories in stem cell research.  My sweat is vaporizing, my mind can't escape a labyrinth of torture.  Solitary is 8th amendment cruel and unusual punishment.  I move the courts for help of my civil rights.

Plaintiff seeks $6 million in monetary damages.

As an initial matter, the Defendants are actresses, film directors, and screen writers. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him of a federal right, and *(2)* did so under color of state law.

3

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983. As the Defendants are private citizens, they do not act "under color of state law," and are not amenable to suit under § 1983. Accordingly, Plaintiff has failed to state a cognizable claim for relief under § 1983.

It is also significant that the complaint in this case makes no factual allegations against the Defendants. Plaintiff fails to indicate any conduct by Defendant Coppola or Cassavetes that would implicate a right secured by the Constitution or laws of the United States. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *See Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir.1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). Moreover, as Plaintiff's allegations are clearly baseless and irrational, they must be dismissed as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2).

**2.     *Riches v. Michael F. Roizen and Mehmet C. Oz,* C/A No. 6:08-0099-MBS-WMC**.

Plaintiff, who seeks "$12.7 million" dollars in compensation, claims:

> My floor in FCI Williamsburg solitary is cold and dirty. My socks have holes, I get 1 pair a week. I got no broom, whoever was in this cell before me was shedding hair. I got hair balls around me, and I hear screaming at night. I'm imploding. My blood pressure is high. This is mistreatment, my civil rights are violated.

The Defendants in this action are medical doctors, who have written several books. As private citizens, the Defendants do not act under color of state law, an essential

element of a § 1983 claim. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983. Therefore, Defendants Roizen and Oz are not amenable to suit under § 1983, and Plaintiff has failed to state a cognizable claim for relief under that statute.

In addition, the Plaintiff makes no factual allegations against the Defendants, and fails to indicate any conduct by Defendant Roizen or Oz that would implicate a right secured by the Constitution or laws of the United States. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *See Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir.1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). Moreover, as Plaintiff's allegations are clearly baseless and largely irrational, they must be dismissed as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2).

3.   ***Riches v. Javier Bardem and Cormac McCarthy*, C/A No. 6:08-0100-MBS-WMC.**

Plaintiff indicates that:

I'm emotionally clouded. My cell in solitary at FCI Williamsburg is ice cold. My cooked food is colder. I'm the coldest guy in South Carolina. I caught a cold. My civil rights are violated. I got grafitti [sic] in my cell that hates white people. My lights are too bright. I got bulb burn. Concrete walls that are not earthquake proof. I get mistreated. Last time I used the phone was October. I'm isolated, this is unconstitutional, defendants are stalking me, and I'm out of stamps.

Plaintiff requests $85 million in relief.

5

Defendant Bardem is an actor, and Defendant McCarthy is a novelist.  As private citizens, the Defendants do not act under "color of state law," and are not amenable to suit under § 1983.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980)*.*  Thus, Plaintiff has failed to state a cognizable claim under § 1983.   Moreover, as Plaintiff's allegations are clearly baseless and irrational, they must be dismissed as frivolous under  28 U.S.C. §§ 1915A, 1915(e)(2).

**4.**     *Riches v. Steven Jay Schneider and Frank Vlastnik*, C/A No.  6:08-0101-MBS-WMC.

In this complaint, Plaintiff states:

> My handcuffs are too tight.  I get rotten fruit.  My toilet flushes funny, cloged [sic] once a week.  An army of ants are taking any left over food.  My mattress was tampered with cold sores I got on my back.  I wear socks on my arms. I got loose nuts and bolts. I get no lawn chair. I don't have access to my 401K plan.  This is unconstitutional in solitary, no human can understand the abuses.  I fight tooth and nail for justice.  I seek $10 million.

As in the above cases, the Defendants are private citizens (writers), which do not act under "color of state law," and are not amenable to suit under § 1983.  In addition, the Plaintiff makes no factual allegations against the Defendants, and  fails to indicate any conduct by Defendant Schneider or Vlastnik that would implicate a right secured by the Constitution or laws of the United States.  Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim.  *See Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir.1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).  This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).   As Plaintiff has failed to state a cognizable

6

claim under § 1983, and his allegations are clearly baseless and irrational, they must be dismissed as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2).

5.  *Riches v. Andrea J. Buchanan and Miriam Peskowitz*, C/A No. 6:08-0102-MBS-WMC.

Plaintiff, who seeks "$1.8" million, states:

FCI Williamsburg won't give me hard back books. I get outdated westerns in solitary. Someone mysteriously put a anti-semitic book under my cell door. My door is locked. If I come out I get shot by weapons. I'm kidnapped. Booker and FanFan took my civil, constitutional rights. I have a cracked mirror in my cell.

The complaint in this case makes no factual allegations against the Defendants, and Plaintiff fails to indicate any conduct by Defendants Buchanan or Peskowitz that would implicate a right secured by the Constitution or laws of the United States. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir.1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). In addition, the Defendants are private citizens (writers), and are, therefore, not "state actors" amenable to suit under § 1983. The complaint, which fails to state a claim upon which relief may be granted under § 1983, should be dismissed pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2).

**WARNING OF POSSIBLE SANCTIONS FOR CONTINUED VEXATIOUS FILINGS**

Plaintiff has begun to build up an extensive history of cases filed in this Court in a relatively short time.[2] The first cases were filed and summarily dismissed in early 2006. *See Riches v. Bush*, Civil Action No. 6:06-cv-00194-MBS; *Riches v. Bureau of Prisons,* Civil Action No. 4:06-cv-00442-MBS. Since September 2007, Plaintiff has filed at least one hundred (100) separate cases in this Court. The docket reflects that none of these cases were filed in proper form, and that Plaintiff has not responded to at least eight (8) proper-form orders that have been issued to date by this Court.[3] Thus, it appears that Plaintiff may be filing cases for the sole purpose of creating additional work for this and other federal courts.[4] Each of Plaintiff's *pro se* complaints, regardless of facial merit, currently must be formally opened and docketed by Clerk's staff. Following docketing, each case must undergo the Court's procedural initial review process to determine whether

---

[2] Since December, 2007, Plaintiff has filed ninety-two (92) cases, including the present action, with this Court. *See* Civil Actions No. 4:07-cv-4094-MBS-WMC thru 4:07-cv-4098-MBS-WMC; 6:07-cv-4135-MBS-WMC thru 6:07-cv-4139-MBS-WMC; 6:07-cv-4141-MBS-WMC thru 6:07-cv-4145-MBS-WMC; 6:08-cv-0098-MBS-WMC thru 6:08-cv-0102-MBS-WMC; 6:08-cv-0120-MBS-WMC thru 6:08-cv-0125-MBS-WMC; 6:08-cv-0166-MBS-WMC thru 6:08-cv-0174-MBS-WMC; 6:08-cv-0230-MBS-WMC; 6:08-cv-0232-MBS-WMC thru 6:08-cv-0239-MBS-WMC; 6:08-cv-0253-MBS-WMC thru 6:08-cv-0262-MBS-WMC; 6:08-cv-0294-MBS-WMC thru 6:08-cv-0301-MBS-WMC; 6:08-cv-0332-MBS-WMC thru 6:08-cv-0349-MBS-WMC; 6:08-cv-0393-MBS-WMC thru 6:08-cv-0396-MBS-WMC; 6:08-cv-0412-MBS-WMC thru 6:08-cv-0419-MBS-WMC.

[3] *See, e.g.*, *Riches v. Simpson*, Civil Action No. 4:07-cv-03163-MBS; *Riches v. Simpson*, Civil Action No. 4:07-cv-03177-MBS; *Riches v. Simpson,* Civil Action No. 4:07-cv-03191-MBS; *Riches v. Simpson,* Civil Action No. 4:07-cv-03238-MBS; *Riches v. Joel*, Civil Action No. 4:07-cv-03313-MBS; *Riches v. Thomas,* Civil Action No. 4:07-cv-03327-MBS; *Riches v. Stewart,* Civil Action No. 4:07-cv-03425-MBS; *Riches v. Simpson,* Civil Action No. 4:07-cv-03456-MBS-WMC.

[4] According to the internet website "Justia.com," Plaintiff is also filing multiple similar cases in several other federal courts around the country. Since December 1, 2007, Plaintiff has filed over 160 cases across the country. This is malicious and vexatious behavior on Plaintiff's part. *See* http://dockets.justia.com.

or not it should be summarily dismissed, amended, or served on the opposing parties. *See* 28 U.S.C. §636(b)(1)(B); D.S.C. Civ. R. 73.02.

This Court has the authority to order a pre-filing injunction or other appropriate sanction against the Plaintiff. *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977). *See also Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for court to consider before imposing order of pre-filing review); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving pre-filing review of complaints brought by prisoners with a history of litigiousness"). The sanctions which the Court may consider include, but are not limited to: denial of proceeding without prepayment of the filing fee; the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted; monetary sanctions that will have to be satisfied before any further filings may be made; dismissal of any action; entry of an order of contempt of court; and any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure. Overly litigious, malicious, and/or vexatious individuals place a burden on the judicial system and divert judicial resources from other pending litigation, so a court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992).

**Accordingly, Plaintiff is hereby placed on notice that sanctions may be imposed which will place restrictions on Plaintiff's ability to file future cases in this Court if he:**

**(1)     Continues to submit cases which he fails to pursue and prosecute; and/or**

**(2)  Continues to file cases which fail to state a claim on which relief may be granted or are deemed frivolous or malicious.** *See* **§ 1915(e)(2)(B)(i), (ii).**

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in each of the above-captioned cases *without prejudice* and without issuance of service of process. *See  Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at  324-25; *Todd v. Baskerville* 712 F.2d at 74.  Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

February 13, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).